D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
CLAUDIA M. COLEMAN, #329633
ccoleman@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff and Chapter 7 Trustee,
A. CISNEROS

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>JUVENAL MORA and ROSARIO M. MORA,<br><br>Debtors. | Case No. 6:20-bk-10170-WJ<br><br>Chapter 7<br><br>Adv. No. |
| A. CISNEROS, Chapter 7 Trustee for the Bankruptcy Estate of Juvenal Mora and Rosario M. Mora,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON GORDON; MONICA GORDON; MARIA ACOSTA; MICHAEL MORA; and DAVID BEAS,<br><br>Defendants. | COMPLAINT FOR:<br><br>AVOIDANCE, RECOVERY, AND PRESERVATION OF:<br><br>(1) INTENTIONAL FRAUDULENT TRANSFER [11 U.S.C. §§ 548, 550 and 551];<br>(2) CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. §§ 548, 550 and 551];<br>(3) INTENTIONAL FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 550 and 551; CAL. CIV. CODE §§ 3439.04, 3439.07]; AND<br>(4) CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 550 and 551; CAL. CIV. CODE §§ 3439.04, 3439.05, 3439.07]<br><br>[STATUS CONFERENCE TO BE SET BY COURT] |

Arturo Cisneros, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Juvenal Mora ("Mr. Mora") and Rosario M. Mora ("Mrs. Mora") (Mr. Mora and Mrs. Mora are collectively referred to as the "Debtors"), files this complaint against the Debtors and alleges as follows:

## Statement of Jurisdiction and Venue

1.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Riverside Division, entitled *In re Juvenal Mora and Rosario M. Mora*, Bankruptcy Case Number 6:20-bk-10170-WJ.

2.     Plaintiff, as the Chapter 7 Trustee of the Debtors' bankruptcy Estate, has exclusive standing to bring this adversary proceeding pursuant to 11 U.S.C. § 323.

3.     This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O) and this Court has Constitutional authority to enter a final judgment on these claims. To the extent any claim for relief contained herein is determined not to be a non-core proceeding, Plaintiff consents to the entry of final judgment and orders by the Bankruptcy Court.

4.     Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. §§ 1408 and 1409.

## Parties

5.     Plaintiff is the duly-appointed, qualified, and acting Chapter 7 Trustee for the Debtors' bankruptcy estate.

6.     Plaintiff alleges that, at all relevant times, Debtors are and were individuals residing in the State of California.

7.     Plaintiff alleges that Brandon Gordon is Debtors' son-in-law, and qualifies as a statutory insider of Debtors pursuant to 11 U.S.C. § 101(31).

8.     Plaintiff alleges that Monica Gordon is Debtors' daughter, and qualifies as a statutory insider of Debtors pursuant to 11 U.S.C. § 101(31).

/ / /

9. Plaintiff alleges that Maria Acosta is Debtors' personal friend and is an individual who does and at all relevant times did reside in the state of California.

10. Plaintiff alleges that Michael Mora is Mr. Mora's father, and qualifies as a statutory insider of Debtors pursuant to 11 U.S.C. § 101(31).

11. Plaintiff alleges that David Beas is Mrs. Mora's father, and qualifies as a statutory insider of Debtors pursuant to 11 U.S.C. § 101(31).

## General Allegations

12. On January 9, 2020, Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

13. On the same day, Plaintiff was appointed as Chapter 7 Trustee of the Estate.

14. On January 23, 2020, Debtors filed their Schedules and Statement of Financial Affairs.

15. The Debtors' Schedule A/B states that Mrs. Mora has a 50% interest in the real property located at 24244 Finley Drive, Moreno Valley, CA 92553 ("Property"), with a scheduled value of $321,795. Schedule A/B also indicates that the property is "community property." The Property is legally described as follows:

LOT 26 TRACT NO. 7905, IN THE CITY OF MORENO VALLEY, COUNTY OF

RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 98,

PAGES 76 THROUGH 78 INCLUSIVE OF MAPS, RIVERSIDE COUNTY RECORDS.

APN: 482-342-026

16. In their original Schedule C, the Debtors claimed an exemption of $24,644 in the Property under C.C.P. § 703.140(b)(5). On their amended Schedule C, which was filed on September 28, 2020, Debtors claimed an exemption in the Property pursuant to C.C.P. § 704.730 in the amount of $100,000.

17. In Schedule D, the Debtors scheduled a debt of $263,331 secured by the Property.

18. The Debtors list the Property as their residence.

19. The initial 341(a) meeting of creditors ("Meeting"), scheduled to take place on February 11, 2020, has been continued several times and is currently set for October 20, 2020.

20. On April 20, 2020, the Court entered an order of discharge ("Discharge Order") for both Debtors.

### Allegations Regarding Transfers

21. On or about January 2017, Debtors purchased the Property using their own community property funds. Title to the Property was taken in the name of Mrs. Mora and her father, David Beas, despite the fact that the Trustee is informed and believes that all funds to purchase the Property were drawn from Debtors' funds. On January 17, 2017, a grant deed was recorded on the Property transferring the Property to Mrs. Mora and David Beas as joint tenants, each with a 50% interest in the Property. A true and correct copy of the grant deed ("Grant Deed") for the Property is attached as Exhibit "1." The Grant Deed effectuated a transfer of Debtors' property to David Beas.

22. On or around June 18, 2019, real property located at 6869 Elm Avenue, San Bernardino, California ("Elm Property") was sold by Mrs. Mora.

23. On June 20, 2019, net proceeds in the amount of $75,127.71 from the sale of the Elm Property were wired to Mrs. Mora's bank account with Bank of America, account no. ending in 7521 ("BofA Account"). Over the course of the next few months, Debtors dispersed substantially all proceeds from the Elm Property from the BofA Account.

24. On June 24, 2019, Debtors transferred $7,000 to Michael Mora via check number 1052 from the BofA Account ("M. Mora Transfer"). Debtors received no consideration for the M. Mora Transfer.

25. On June 28, 2019, Debtors transferred $10,000 to Brandon Gordon via check number 1057 from the BofA Account ("B. Gordon Transfer"). Debtors received no consideration for the B. Gordon Transfer.

26. Also on June 28, 2019, Debtors transferred $1,600 to Monica Gordon via check number 1058 from the BofA Account ("M. Gordon Transfer"). Debtors received no consideration for the M. Gordon Transfer.

27. On July 15, 2019, Debtors transferred $20,000 to Maria Acosta via check number 1060 from the BofA Account ("Acosta Transfer"). The Acosta Transfer was made with the express intent of protecting the funds in the Acosta Transfer from creditors.

28. The total amount of $38,600 from checks 1052, 1057, 1058, and 1060 are collectively referred to as the "Check Transfers." Collectively, the Check Transfers and the Grant Deed shall be referred to as the "Transfers."

29. On July 19, 2019, the ending balance on the BofA Account totaled $13,986.50. Other withdrawals in the period ending on July 19, 2020 included $4,860 from ATM withdrawals and over $20,000 in debit card transactions, payments for personal and living expenses, and a mortgage payment.

30. Between August 2019 and February 2020, there was an additional $5,220 in ATM withdrawals. By February 2020, the ending balance of the BofA Account totaled less than $1000.

## First Claim for Relief

## Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer

## [11 U.S.C. §§ 548(a)(1)(A), 550 and 551]

31. Plaintiff incorporates by reference Paragraphs 1 through 30, and realleges these paragraphs as though set forth in full.

32. The Transfers were made within two years of the Petition Date.

33. The Transfers effectuated transfers of an interest of the Debtors in property, in that the Check Transfers effectuated a transfer of Debtors' interest in cash, and the Grant Deed effectuated a transfer of Debtors' interest in the Property.

34. The Transfers were effectuated with actual intent to hinder, delay, or defraud the Debtors' creditors. Specifically, the Check Transfers were made by the Debtors to remove the funds from their BoA account over concerns that debt collectors would levy and/or take the money from the BofA Account. Additionally, the Grant Deed was made jointly to Mrs. Mora and David Beas to remove a portion of the equity in the Property from the reach of creditors.

35. Debtors did not receive reasonably equivalent value in consideration for the Check Transfers. In fact, Debtors received no consideration in exchange for the Check Transfers. Plaintiff is informed and believes that Debtors also received no consideration for the Grant Deed.

36. The Check Transfers operated to substantially reduce the Debtors' cash assets and to disperse all proceeds from Debtors' sale of the Elm Property.

37.    At the time of the Check Transfers, the Debtors were insolvent or imminently anticipated to become insolvent. The Debtors made the Check Transfers shortly after they acquired the proceeds from the sale of the Elm Property over concerns that debt collectors would put a levy on their bank account. Also, the Debtor's liabilities from nonpriority unsecured claims total $131,824.91 while the Debtors' assets total $40,655.64 in personal property and less than $70,000 of equity in the Property.

38.    The Check Transfers were made to insiders of the Debtors. Recipients of the Check Transfers included family members, who qualify as insiders under 11 U.S.C. §101(31), and a close friend. *See In re Tenorio,* 2018 Bankr. LEXIS 456, at 11* (B.A.P. 9th Cir. Feb. 8, 2018) (stating that the special relationship of close friends is "sufficient to cast [the close friend] as an insider) (citing *Kaisha v. Dodson*, 423 B.R. 888, 901 (N.D. Cal. 2010)); *See generally*, *In re Acequia, Inc.*, 34 F.3d 800, 806 (9th Cir. 1994) (recognizing that "a special relationship between the debtor and the transferee" is one of the "more common circumstantial indicia of fraudulent intent).

39.    The recipients of the checks did not receive the Check Transfers in good faith.

40.    The recipients of the Check Transfers are not bona fide creditors. In fact, the recipients of the Check Transfers are not creditors at all.

41.    Based on the foregoing, Plaintiff may avoid each of the the Check Transfers as actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A).

42.    Based on the foregoing, Plaintiff may recover the value of the Check Transfers for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

## Second Claim for Relief

## Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer
## [11 U.S.C. §§ 548(a)(1)(B), 550 and 551]

43.    Plaintiff incorporates by reference Paragraphs 1 through 30, and realleges these paragraphs as though set forth in full.

44.    The Transfers were made within two years before the Petition Date.

45.    The Transfers effectuated transfers of an interest of the Debtor in property.

/ / /

46.    The Debtors received no consideration or reasonably equivalent value in exchange for the Transfers. Debtors did not receive any consideration in exchange for the Check Transfers. Plaintiff is informed and believes that Debtors also received no consideration for the Grant Deed.

47.    When the Debtors made the Transfers, the Debtors were insolvent, or became insolvent as a result of the Transfers, as that term is defined in 11 U.S.C. § 101(32). If the Debtors were not insolvent prior to the Check Transfers, the execution of the checks rendered the Debtors insolvent by effectively reducing their cash assets.

48.    When Debtors made the Transfers, the Debtors were concerned over debt collectors levying money from their bank account and were likely under threat of litigation from creditors.

49.    The Check Transfers were made to insiders of the Debtors. Recipients of the Check Transfers included family members, who qualify as insiders under 11 U.S.C. §101(31), and a close friend. *See In re Tenorio,* 2018 Bankr. LEXIS 456, at 11* (B.A.P. 9th Cir. Feb. 8, 2018) (stating that the special relationship of close friends is "sufficient to cast [the close friend] as an insider") (citing *Kaisha v. Dodson*, 423 B.R. 888, 901 (N.D. Cal. 2010)); *See generally*, *In re Acequia, Inc.*, 34 F.3d 800, 806 (9th Cir. 1994) (recognizing that "a special relationship between the debtor and the transferee" is one of the "more common circumstantial indicia of fraudulent intent).

50.    The Transfers were made outside the ordinary course of business.

51.    Based on the foregoing, Plaintiff may avoid the Transfers under 11 U.S.C. § 548(a)(1)(B).

52.    Based on the foregoing, Plaintiff may recover the value of the Transfers and preserve such avoided lien for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

### Third Claim for Relief

### Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer

### [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07]

53.    Plaintiff incorporates by reference Paragraphs 1 through 30, and realleges these paragraphs as though set forth in full.

/ / /

/ / /

54.    Under 11 U.S.C. § 544, Plaintiff may avoid the transfer of an interest of the Debtor which is voidable under applicable law by an unsecured creditor of the Debtor, including under California Civil Code § 3439.04.

55.    The Transfers were transfers of an interest of the Debtors in property.

56.    The Transfers were made within four years of the Petition Date.

57.    The Transfers were made with the actual intent to hinder, delay or defraud the Debtors' creditors. Specifically, the Grant Deed placed the Property in joint title with Mrs. Mora as her separate property along with her father, David Beas, in order to hinder or delay creditors' efforts to seek enforcement of any debts against the Property. Also, the Check Transfers were made shortly after the Debtors acquired the proceeds from the sale of the Elm Property over concerns that debt collectors would put a levy on their bank account.

58.    The Debtors removed or concealed the proceeds of the Elm Property by transferring substantial portions of such proceeds to friends and family members in order to avoid paying outstanding creditors.

59.    Specifically, the recipients of the Property and Check Transfers would be considered insiders under Cal. Civ. Code § 3439.04(b)(1) as relatives and friend of the Debtors.

60.    At the time of the Check Transfers, the Debtors were concerned that debt collectors would levy their bank account and were likely under threat of litigation from creditors attempting to collect on debts due.

61.    The Transfers were of the Debtors' most substantial assets. The Property is the Debtors' largest and primary asset with equity near $70,000. The Check Transfers were made from the Debtors' large cash assets received from the sale of the Elm Property.

62.    The Transfers were made for no consideration, which constituted less than reasonably equivalent value for the Property and Check Transfers. The Property was worth over $271,982.00 at the time of the Fraudulent Transfer and the Check Transfers totaled $38,600.

63.    The Transfers was made at a time when Debtors were insolvent or rendered insolvent by virtue of said transfers.

/ / /

64. Based on the foregoing, Plaintiff may avoid the Transfers pursuant to 11 U.S.C. § 544, and California Civil Code § 3439.04.

65. Based on the foregoing, Plaintiff may avoid, preserve, and recover the Property or the value of the Property and the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

**Fourth Claim for Relief**

**Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.05 and 3439.07]**

66. Plaintiff incorporates by reference Paragraphs 1 through 30 and realleges these paragraphs as though set forth in full.

67. Under 11 U.S.C. § 544, Plaintiff may avoid the transfer of an interest of the Debtor which is voidable under applicable law by an unsecured creditor of the Debtor, including under California Civil Code § 3439.05.

68. The Debtors received no consideration in exchange for the Transfers.

69. Having received no consideration in exchange for assets with an aggregate value of over $100,000, and no consideration for any of such transfers, Debtors did not receive reasonably equivalent value in exchange for the Transfers.

70. At the time of the Transfers, the Debtors were either insolvent or became insolvent as a result of the Transfers.

71. Based on the foregoing, Plaintiff may avoid the Transfers pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.05.

72. Based on the foregoing, Plaintiff may avoid, recover, and preserve the Property or the value of the Property and/or Check Transfers for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

**Fifth Claim for Relief**

**Quiet Title as to Real Property**

73. Plaintiff incorporates by reference Paragraphs 1 through 30 and realleges these paragraphs as though set forth in full.

COMPLAINT

74.     An actual controversy exists as between Plaintiff and David Beas regarding the right, title, and interest of the Estate in the Property commonly known as 24244 Finley Drive, which has a legal description as follows:

LOT 26 TRACT NO. 7905, AS PER MAP RECORDED IN BOOK 98, PAGES 76

THROUGH 78 INCLUSIVE OF MARPS, RIVERSIDE COUNTY RECORDS.

APN: 482-342-026

75.     Plaintiff is informed and believes that Debtors personally contributed all funds to purchase the Property, and David Beas never contributed any amount to purchase or maintain the Property.

76.     Plaintiff is informed and believes that to the extent that David Beas holds title to the Property, such interest is nothing more than bare legal title to the Property based on Debtors' intent to prevent creditors from levying against the Property by placing title to the Property jointly in the name of Mrs. Mora and David Beas.

77.     Because the Property is solely property of Debtors, and David Beas only holds bare legal title to the Property, Plaintiff is entitled to entry of a judgment quieting title in the Property and adjudicating the vesting of the legal and beneficial interest in the Property to be held in the name of the Estate.

### Prayer

WHEREFORE, Plaintiff prays for judgment against the Debtors as follows:

### First Claim for Relief

1.     For entry of judgment against each individual recipient avoiding each of the Check Transfers as actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A);

2.     For imposition of liability against each individual recipient of the Check Transfers for the amount received pursuant to 11 U.S.C. § 550(a)(1);

3.     For recovery of the value of the Check Transfers for the benefit of the Estate or a monetary judgment equal to the value of the property transferred;

4.     For preservation of the avoided fraudulent transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551;

COMPLAINT

## Second Claim for Relief

5.      For entry of judgment avoiding the Check Transfers as constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B);

6.      For imposition of liability against each individual recipient of the Check Transfers for the amount received pursuant to 11 U.S.C. § 550(a)(1);

7.      For recovery of the value of the Check Transfers for the benefit of the Estate or a monetary judgment equal to the value of the property transferred;

8.      For preservation of the avoided fraudulent transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551;

## Third Claim for Relief

9.      For entry of judgment avoiding the transfer of 50% interest in the Property and of the Check Transfers as actual fraudulent transfers pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04;

10.      For imposition of liability against each individual recipient of the Check Transfers for the amount received pursuant to 11 U.S.C. § 550(a)(1);

11.      For recovery of 50% interest in the Property and of the value of the Check Transfers for the benefit of the Estate or a monetary judgment equal to the value of the Property and Check Transfers transferred;

12.      For preservation of the 50% interest in the Property and value of the Check Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551;

## Fourth Claim for Relief

13.      For entry of judgment avoiding the transfer of 50% interest in the Property and of the Check Transfers as constructive fraudulent transfers pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.05;

14.      For recovery of 50% interest in the Property and of the value of the Check Transfers for the benefit of the Estate or a monetary judgment equal to the value of the Property and Check Transfers transferred;

/ / /

COMPLAINT

1    15.    For preservation of the 50% interest in the Property and value of the Check Transfers

2  for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3                                **Fifth Claim for Relief**

4    16.    For entry of a judgment that the Estate's rights in the Property are superior to all

5  competing claims for ownership including any title interest of David Beas in the Property;

6    17.    For entry of a declaratory judgment that title to the Property shall be held in the name

7  of the Estate;

8    18.    For entry of an order compelling David Beas to relinquish his bare legal title interest

9  in the Property;

10                               **On All Claims for Relief**

11    19.    For reasonable fees and costs incurred by Plaintiff in prosecuting this action to the

12  maximum extent allowable under law; and

13    20.    For such other and further relief as the Court may deem just and proper.

14

15   DATED: October 15, 2020                  MARSHACK HAYS LLP

16

17                                      By: _/s/ Tinho Mang_____
                                            D. EDWARD HAYS
18                                          TINHO MANG
                                            CLAUDIA COLEMAN
19                                          Attorneys for Plaintiff and Chapter 7 Trustee,
                                            A. CISNEROS
20

21

22

23

24

25

26

27

28

COMPLAINT

Exhibit 1

**DOC # 2017-0019368**
01/17/2017 02:32 PM Fees: $24.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: SILVIA #678

**RECORDING REQUESTED BY**
Ticor Title Company of California
**WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENT TO:**
Rosario Maria Mora
David Beas
24244 Finley Drive
Moreno Valley, CA 92553

ORDER NO.: 444-118
ESCROW NO.: 00444718-021-KH1

TRA:021-236

**GRANT DEED**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
☐ unincorporated area
X    the City of Moreno Valley

Documentary Transfer Tax is $ 304.70  City Tax is $   0.00
X    computed on full value of interest or property conveyed, or
☐    full value less value of liens or encumbrances remaining at the
time of sale

Parcel No. **482-342-026-3**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Underwood Partners,LLC, a Delaware limited liability company

hereby GRANT(s) to

Rosario Maria Mora, A Married Woman as her sole and separate property and David Beas, A Married Man as his sole and separate property, as joint tenants

the following real property in the City of Moreno Valley County of Riverside, State of California:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF
Dated: January 9, 2017

Underwood Partners,LLC, a Delaware limited liability
company

By: Braulio F. Vasquez

Representative

Page 1

GRANTDEE

**Exhibit "1"
Page 13**

DOC #2017-0019368  Page 2 of 4

Escrow No. 00444718-021-KH1

> A notary public or other officer completing this
> certificate verifies only the identity of the
> individual who signed the document to which this
> certificate is attached, and not the truthfulness,
> accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _RIVERSIDE_____ } SS:

On _JAN 9, 2017_ before me_MARIT FLOWERS_,
a Notary Public, personally appeared ___BRAULIO F. VASQUEZ___
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Marit Flowers_

> **MARIT FLOWERS**
> Commission No. 2068701
> NOTARY PUBLIC-CALIFORNIA
> RIVERSIDE COUNTY
> My Comm. Expires MAY 18, 2018

GRANTDEE

**Exhibit "1"**
**Page 14**

Escrow No.:  00444718 - 021 - Kim Hernandez

## EXHIBIT "A"

Lot 26 Tract No. 7905, in the City of Moreno Valley, County of Riverside, State of California, as per Map Recorded in Book 98, Pages 76 through 78 inclusive of Maps, Riverside County Records.

**For APN/Parcel ID(s):** 482-342-026-3

Page 2

GRANTDEE

**Exhibit "1"**
**Page 15**

DOC #2017-0019368  Page 4 of 4

ILLEGIBLE NOTARY SEAL DECLARATION
GOVERNMENT CODE 27361.7

I CERTIFY UNDER THE PENALTY OF THE PERJURY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH
THIS STATEMENT IS ATTACHED READS AS FOLLOWS:

NAME OF NOTARY:_____ Marit  Flowers _____

DATE COMMISSION EXPIRESS:_____ May  18,  2018 _____

NOTARY IDENTIFICATION NUMBER:_____ 2068701 _____
(NOTARY COMMISSIONEED AFTER 1-1-92)

MANUFACTURER/VENDOR IDENTIFICATION NUMBER:_____ NCCI _____

COUNTY WHERE BOND IS FILED:_____ Riverside _____


PLACE OF EXECUTION:_____ SANTA ANA _____ DATED: ____ 1/11/17 ____

BY:

_____

Exhibit "1"
Page 16